FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 MAR 23  AM II: 12

-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH CAPALDO, 89-C-0969,

       Petitioner,

   -v-

WILLIAM POWERS,

       Respondent.

05-CV-0866F
**ORDER**

---

Petitioner, Joseph Capaldo, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in County Court, Monroe County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. By Order filed December 27, 2005, petitioner was directed to file information addressing the issue of the timeliness of the petition under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas petitions.[1]

---

[1] The Order directing petitioner to file a § 2254 Timeliness Response Form addressing the issue of the timeliness of the petition was mailed to petitioner on December 27, 2005, at the address noted on the petition, Livingston Correctional Facility. Petitioner was directed to reply to the Order on or before January 18, 2006, or the petition would be dismissed as untimely. The New York State Department of Correctional Services' Website presently lists petitioner's address as the Collins Correctional Facility and a telephone call to DOCS' Classification and Movement Office by the Court's Pro Se Office on March 17, 2006, revealed that petitioner was transferred from the Livingston Correctional Facility to the Collins Correctional Facility on February 9, 2006, which is well after the Order was mailed to him at Livingston and after the date set for the filing of petitioner's § 2254 Timeliness Response Form. The Court therefore assumes that petitioner received the Order, entered December 27, 2005.

Rule 5.2(d) of the Court's Local Rules of Civil Procedure provides that a party appearing *pro se* must furnish the Court with a current address for the service of papers and papers sent to that address will be assumed to have been

Plaintiff has failed to file a response.   The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.   Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

---

received by the pro se party.  The Rule also states that pro se litigants must inform the court "immediately" of any change of address, and that the failure to do may result in dismissal of the case with prejudice.

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

**SO ORDERED.**

S/ Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:     March 22, 2006
           Rochester, New York